UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL CHINA                                                    Case No.: 16-06699-ARR-VMS

                Plaintiff,                          **FIRST AMENDED COMPLAINT**

          *-against-*                             **PLAINTIFF DEMANDS
                                                                                       TRIAL BY JURY**

THE CITY OF NEW YORK,
POLICE OFFICER JOSEPH POVEROMO,
POLICE OFFICER KRIS LOPEZ, *and*
SERGEANT JAMES HANSEN

                Defendants.
----------------------------------------------------------------X

      Plaintiff, MICHAEL CHINA, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, Police Officer JOSEPH POVEROMO, Shield No.: 25808 ("Defendant P.O. POVEROMO"), Police Officer KRIS LOPEZ, Shield No.: 1960 ("Defendant P.O. Lopez") and Sergeant JAMES HANSEN, Shield No.: 3956, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiff, MICHAEL CHINA, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is of full age and resides in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant P.O. POVEROMO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. POVEROMO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was

acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant P.O. LOPEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. LOPEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant Sergeant HANSEN was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant Sergeant HANSEN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

10. On or about May 10, 2016, at approximately 3:00 p.m., Plaintiff was in the vicinity of Avenue Y and East 16th Street in Brooklyn when he saw two acquaintances who asked him if he wanted to play basketball.

11. Plaintiff agreed to enter the basketball courts with the other two and began to play along with some other young men.

12. Not long after, Police arrived on the scene.

13. The officers who arrived immediately approached the two young men with whom Plaintiff was acquainted and took them into custody.

14. Then the Defendant P.O. POVEROMO turned toward Plaintiff and told him not to move.

15. Plaintiff complied and within seconds was in handcuffs and being escorted to a police vehicle.

16. Plaintiff protested that he hadn't done anything and demanded to know why he was under arrest.

17. Defendant P.O. POVEROMO told Plaintiff to be quiet and refused to offer any reason as to why Plaintiff was under arrest.

18. Defendant P.O. POVEROMO, after obtaining Defendant Sergeant HANSEN's approval to arrest Plaintiff, placed Plaintiff in a police vehicle and transported him along with Defendant P.O. LOPEZ to the 61st Precinct of the New York Police Department.

19. Plaintiff remained at the 61st Precinct for approximately 8 hours before he was transported to Central Booking and eventually arraignment.

20. At arraignment, Plaintiff was charged with Robbery in the first degree and felony assault, among other charges, related to an incident involving an individual named Mohammad Suleymanov, who complained to police that he was robbed for his bicycle by four individuals, some of whom he identified as black and some of whom he identified as Hispanic, and that one of these individuals cut him with a knife.

21. In a sworn criminal complaint and in the arrest paperwork, Defendant P.O. POVEROMO claimed that Mohammad Suleymanov positively identified Plaintiff and stated in sum and substance that Plaintiff was among the four individuals who robbed him of his bicycle and assaulted him with a knife even though Plaintiff was taken directly to the precinct upon his apprehension and never participated in a lineup.

22. Defendant P.O. POVEROMO also attributed the statement: "I was there but I'm not talking about what happened" to Plaintiff and submitted to the District Attorney such statement as evidence of Plaintiff's involvement in the crime against Mr. Suleymanov even though Plaintiff never said any such thing.

23. Plaintiff, who is indigent, was given a bail that far exceeded what he could raise and as a result was transported to Riker's Island, where he entered the custody of the New York City Department of Corrections.

24. This was the first time that Plaintiff had ever been arrested.

25. On May 13, 2016, after three days on Riker's Island, Plaintiff was released and all charges against him were dropped.

26. At no time during the events described above did Plaintiff commit any act for which he could be arrested or charged with a crime.

27. At no time during the events described above did the Defendants have probable cause to arrest Plaintiff or charge him with a crime.

28. During the events described above, Defendant Police Officer KRIS LOPEZ and Defendant Sergeant JAMES HANSEN each had the duty and opportunity to intervene and stop the false arrest of Plaintiff and each failed to do so.

## AS FOR A FIRST CAUSE OF ACTION

### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983 AS AGAINST DEFENDANTS P.O. POVEROMO, P.O. LOPEZ AND SERGEANT HANSEN*

29. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

30. At all times during the events described above Defendant P.O. POVEROMO lacked probable cause to arrest Plaintiff.

31. At all times during the events described above Defendant P.O. POVEROMO lacked probable cause to charge Plaintiff with criminal conduct.

32. All of the aforementioned acts of Defendant P.O. POVEROMO were carried out under the color of state law.

33. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by Defendant P.O. POVEROMO in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

35. The acts complained of deprived Plaintiff of his rights:

   A. To be free from false arrest;

   B. To be free from unwarranted and malicious criminal prosecution;

   C. To be free from deprivation of liberty without due process of law;

   D. To a fair trial; and

   E. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

36. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

37. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant P.O. POVEROMO. The conduct of the Defendant P.O. POVEROMO was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

38. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to make an arrest without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

39. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

40.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the Defendant on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

41.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 2/15/2017
       Brooklyn, NY

                    By:      /s/Alexis G. Padilla
                             Alexis G. Padilla, Esq. [AP8285]
                             *Attorney for Plaintiff*
                             *Michael China*
                             575 Decatur Street #3
                             Brooklyn, NY 11233
                             917-238-2993